EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GARY G. HIGGINS, | : | CIVIL ACTION NO. |
| | : | 3:06-CV-01446 (AVC) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| JOURNAL REGISTER COMPANY, | : | JURY TRIAL DEMANDED |
| NEW ENGLAND ACQUISITION | : | |
| CORPORATION, NEW HAVEN | : | |
| REGISTER, LLC, JOURNAL NEWS, | : | |
| INC., and JOURNAL REGISTER EAST, | : | |
| INC. a/k/a/ SHORE LINE NEWSPAPERS | : | |
| and/or SHORE LINE/ELM CITY | : | |
| NEWSPAPERS, | : | |
| | : | |
| Defendants. | : | December 1, 2006 |

---

## INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS OF PLAINTIFF ADDRESSED TO DEFENDANTS -- SET NO. 1

---

Pursuant to provisions of Rules 33 and 34 of the Federal Rules of Civil Procedure,

Plaintiff, Gary G. Higgins ("Higgins"), propounds the following Interrogatories and Request for

Production of Documents -- Set No. 1, upon Defendants, Journal Register Company, New

England Acquisition Corporation, New Haven Register, LLC, Journal News, Inc. and Journal

Register East, Inc. a/k/a Shoreline Newspapers and/or Shore Line/Elm City Newspapers,

(collectively and individually, the "Journal Register").  The Interrogatories are to be answered

separately, in writing and under oath, within thirty (30) days from the date of service.  Production

of the requested documents shall be made on December 31, 2006 at 10:00 a.m., or on a mutually

convenient date, at the law offices of Shepherd, Finkelman, Miller & Shah, LLC, 65 Main Street,

Chester, Connecticut 06412.

## DEFINITIONS AND INSTRUCTIONS

A.      For the purposes of these Interrogatories and Requests for Production of Documents, the following terms shall be deemed to have the following meanings:

1.      "Journal Register" or "You" shall refer to Defendants, Journal Register Company, New England Acquisition Corporation, New Haven Register, LLC, Journal News, Inc. and Journal Register East, Inc. a/k/a Shoreline Newspapers and/or Shore Line/Elm City Newspapers, individually and collectively, as well as any of their predecessors or successors, and their officers, directors, agents, employees, servants and representatives.

2.      "Plaintiff" or "Higgins" shall refer to the Plaintiff, Gary G. Higgins.

3.      "Document" shall be interpreted in a manner consistent with the requirements of Fed.R.Civ.P. 34 and, unless otherwise indicated, means all written, printed, typed, recorded (electronically or otherwise), graphic of photographic material of any kind or character and all photostatic, microfilmed or other non-duplicative copies now or at any time in your possession, custody or control in whatever form, including, among other things and without limitation, address and telephone records, adjusting and inner company eliminating entries, agreements, analyses, audits, audio tapes, bank checks, bank credit and debit memoranda, bank drafts, bank statements, books, books of account, brochures, budgets, bulletins, business records (including electronically stores information per Fed. R. Civ. P. 33(d)), calendars, cash journals, charts, computer data (including printouts and programs), computer disks, desk pads and desk calendars, diaries, depositions, electronic mail ("e-mail") messages, expense records, financial calculations, financial projections, financial statements and reports, galley proofs, general

journals, general ledgers, graphs, inter-office communications, interview notes, invoices, letters, lists, maps, memoranda, minutes, notes, note pads, notes and minutes of meetings, notes of conversations and conferences (whether by telephone or in person), notices, pamphlets, payroll records, periodicals, phonograph records, photographs, press releases, page proofs, records, reports, results of investigations, schedules, scripts, screen plays, sound recordings, speeches, statements of account, studies, summaries, survey or studies, tape recordings, telegrams, telephone billing records, telephone logs, telephone message slips or memos, teletype messages, transcripts, videotapes, video disks, vouchers, voucher registers, working papers, worksheets and other compilations reflecting the combination and consolidation of accounting data and other writings or parts thereof of every kind and description (whether or not actually used).

4.     "Communication" shall mean the transmittal of information, including any oral or written utterance, notation or statement of any nature whatsoever, by and to whom ever made, including, but not limited to, correspondence, conversations, dialogues, discussions, interviews, consultations, agreements and other understandings between or among two or more persons.

5.     "Person" or "Persons" shall mean any human being, firm, association, partnership, corporation, joint venture, government entity or other form of legal or business entity, public or private.

6.     "Representative" shall mean any and all agents, employees, servants, officers, directors, associates or other persons acting or purporting to act on behalf of the person in question.

7.     As used herein, the terms "referring to," "relating to," "in connection

with" and/or "incident to" in reference to a given subject matter shall mean any information, document or communication which constitutes, contains, embodies, comprises, reflects, identifies, states or refers to, deals with, comments on, responds to, describes, analyzes, or is in any way pertinent to the subject matter including, without limitation, any documents which mention said person or subject by name or any variant thereof.

B.      "Identify the source" shall mean to specify all documents and/or communications upon which you rely in support of any answer, contention, or allegation, and to identify all individuals whom you know to have information with respect to the subject matter of such answer, contention or allegation.  Where a source is a public record, newspaper, trade journal or judicial administrative opinion, a quotation and page reference of the material relied upon should be supplied.

C.      To "state the basis" for an answer, allegation or contention shall mean to "identify the source" and to set forth and explain the nature and application of all relevant facts and pertinent legal theories upon which you rely for your knowledge, information and belief that there is good ground to support such allegation or contention.

D.      Where an interrogatory asks that you "identify all communications," "all meetings," "all contacts" and/or "all conversations," you should state, with respect to each communication, meeting, conversation or contact, the following:

1.      the date, time and place of each;

2.      the person who initiated each;

3.      the manner of each (e.g., in writing, in person, by telephone or other electronic means);

4.      the name and present or last known employer, title, occupation, home and business addresses and telephone numbers of each person who participated in or heard any part of each;

5.      the substance of what was said by each person who participated in or who witnessed each;

6.      any and all witnesses or participants, and their addresses; and

7.      the identity of the custodian of all documents referring, relating or incidental to each.

E.      When an interrogatory asks that you identify "a person or representative," state:

1.      the name of such person, if not given in the interrogatory;

2.      the present or last known business and residence address, if any;

3.      the present or last known business and residence telephone numbers, if any;

4.      the person's occupation and title of position, if any;

5.      the person's present or last known employer;

6.      the capacity in which such person is presently employed;

7.      the nature of such person's business; and

8.      the relationship, if any, with any of the defendants, both at the present time or in the past.

F.      When an interrogatory asks that you "identify a document," identify each and every document and tangible object in your possession, custody or control which refers or relates in any manner to the matters covered or referred to in the Interrogatory by giving the following information as to each such document:

1.      the general type (i.e., letter, memorandum, report, etc.);

2.      date;

3.      author;

4.      the manner and method of its preparation;

5.      every addressee or recipient, if any;

6.      general nature and substance of the subject matter;

7.      present location of the original and each copy thereof known to you; and

8.      the identity of all persons responsible for the custody, filing, safekeeping or other disposition thereof.

It shall be deemed a sufficient answer, where appropriate and possible to comply with the provisions of Rule 33(c), Fed.R.Civ.P., to refer to and furnish true and legible copies of such documents, together with the Answers to the Interrogatories.  If you would like to follow this procedure, the documents produced should be identified as responsive to a specific Interrogatory. All of the parts of the Interrogatory must be answered in full.

G.      These Interrogatories and Requests for Production are intended to cover all documents and information in the possession, custody or control of Defendants and any of their agents or representatives, or to which any of them may have the right of possession, custody or control.

H.      If any form of privilege, whether based on statute or otherwise, is claimed as a ground for not responding to an Interrogatory, or producing any document, or any part thereof, each and every fact upon which the privilege is based, including sufficient facts for the Court to make a full determination as to whether the claim of privilege is valid, shall be set forth in complete detail.  With respect to a document to which a privilege is being claimed, the following information at the very minimum should be provided:

1.   date;

2.   author;

3.   names and addresses of any persons who received copies, if any;

4.   title;

5.   type of tangible thing, letter, memorandum, telegram, report, etc.; and

6.   general description of the subject matter (without revealing privileged information).

I.   If any of the documents referred to in response to these Interrogatories or the following Requests for Production of Documents have been lost, destroyed, removed from your files or altered in any manner after the document was initially made, taken or prepared, provide the following information:

1.   a description of the document;

2.   the date of each such occurrence;

3.   a description of each such occurrence, including the nature of each altercation and the circumstances of the loss, destruction or removal;

4.   the reason for each such occurrence;

5.   the name, address and job title of the persons who took such action;

6.   the name, address and job title of the persons who authorized, directed or acknowledged the action at the time it was taken; and

7.   whether there has been any attempt to produce, duplicate or find a copy of any lost, destroyed, or originally unaltered documents, and, if so, a description of the attempt and its result.

J.   Except as otherwise provided, these Interrogatories and Requests for Production of Documents shall be deemed to be continuing and any information or documents relating in

any way to these Interrogatories and Requests for Production which you acquire, which become known to you up to and including the time of trial, shall be furnished by you to Plaintiff within a reasonable time after such information is acquired or becomes known.  Similarly, any information or documents provided in response to these Interrogatories and Requests for Production which is later found to be incomplete or incorrect, or to have become incomplete or incorrect because of changed circumstances, should be completed or corrected by means of supplemental responses.

K.      Where an Interrogatory asks for a date or an amount, or any other specific information, the Answer requires approximation of the information requested if you are unable to state the precise date, amount or other specific information.

L.      When, after reasonable and thorough investigation using due diligence, you are unable to answer any Interrogatory, or any part thereof, because of lack of information, specify in full and complete detail the reason that the information is not available and what has been done to obtain such information.  In addition, specify what knowledge or belief you have concerning the unanswered Interrogatory portion thereof and set forth the facts upon which such knowledge or belief is based.

M.      Where an Interrogatory does not specifically request a particular fact, but where such a fact or facts are necessary to make the Answer to the Interrogatory comprehensible, complete or not misleading, the Interrogatory shall be deemed to request such fact or facts, and include such fact or facts as part of your Answer.

N.      To the extent that any Interrogatory calls for information which can only be acquired from a former representative, you shall be relieved of providing such information.

-8-

However, you should provide the name and address of each former representative and the reason why you do not have access to the information specified.

O.      The past tense of a verb shall include the present and the present tense includes the past where the clear meaning is not distorted by the change of tense.

P.      Words importing the masculine gender shall include the feminine gender and words importing the feminine gender shall include the masculine.

Q.      The plural of any word shall include the singular, and the singular shall include the plural.

R.      The form in which electronically stored information is to be produced as follows:

1.      **Document Image Format.**  All native electronic documents should be converted to a Group 4 compression single-page "TIFF" image that reflects how the source documents would have appeared if printed out to a printer attached to a computer viewing the file.  Defendants shall produce a "load file" to accompany the images, which load file should facilitate the use of the produced images by a document management or litigation support database system.  Plaintiff will meet and confer with Defendants to the extent reasonably necessary to facilitate the import and use of the produced materials with commercially available document management or litigation support software.

2.      **Production Media.**  Defendants shall produce electronic documents on CD-ROM, DVD, external hard drive (with standard PC compatible Interface), or such other readily accessible computer or electronic media as the parties may hereafter agree upon the (the "Production Media").  Each piece of Production Media shall identify a production number corresponding to the production "wave" with which the documents on the Production Media are

-9-

associated (e.g.,"D001", "D002"), as well as the volume of the material in that production wave (e.g., "-001", "-002").  For example, if the first production wave by Defendants comprises document images on three hard drives, Defendants will label each hard drive in the following manner: "D001-001", "D001-002," "D001-003."  Additional information that will be identified on the physical Production Media shall include: (1) text referencing that it was produced in [Case Docket No.], (2) the producing party's name, (3) the type of materials on the media (e.g., "Documents," "Text," "Objective Coding," etc.), (4) the production date, and (5) the Bates Number range of the materials contained on the Production Media.

3.     **Objective Coding/Extracted Meta Data.**  Defendants shall produce with each production of documents an ASCII text file, appropriately delimited, setting forth the extracted meta-data for each document.  The data-file shall include the fields and type of content available from each document (the "Metadata").  Metadata will be labeled and produced on Production Media as outlined above.

4.     **Electronic Text Files.**  Defendants shall produce text files for produced documents reflecting the full text that has been electronically extracted from Native Electronic Documents ("Extracted Text").  The Extracted Text shall be provided in ASCII text format and shall be labeled and produced on Production Media as outlined above.  The text files shall be named with the unique Bates Number of the first page of the corresponding document following by the extension ".txt."

## RELEVANT TIME PERIOD.

Unless otherwise indicated, these Interrogatories and Requests for Production of Documents concern the time period from January 1, 2001 through the present ("Relevant Time

Period").  All information and documents which refer to this period, whether prepared or collected before, during or afterward are to be produced.

## **INTERROGATORIES.**

1.      Identify each person who has knowledge or information regarding this lawsuit, including the claims asserted and any defenses to be raised and, for each such person, provide a statement summarizing that person's knowledge or information regarding this lawsuit and your position as to the relevance of such knowledge or information to the asserted claims or any defenses to be raised.

2.      State whether any information or documents have been withheld on the basis of any form of privilege in response to these Interrogatories and Request for Production of Documents, whether based on statute or otherwise, and provide all information required by Paragraph H of the Definitions and Instructions section with respect to each such document or piece of information which has been withheld.

3.      State whether any information or documents responsive to these Interrogatories and Request for Production of Documents have been lost or destroyed and, if so, provide all information required by Paragraph I of the Definitions and Instructions section with respect to each such document or piece of information which has been lost or destroyed.

## **REQUEST FOR PRODUCTION OF DOCUMENTS.**

1.      All documents identified or referenced in any of the Interrogatories, or otherwise relied upon in responding to any of the foregoing Interrogatories.

2.      All affidavits, statements, reports, memoranda, testimony or other documents the Journal Register, or anyone acting on its behalf, has obtained relating or incident to this action or

-11-

its subject matter or the employment and/or termination of Higgins.

3.      All documents, including all summary plan descriptions, describing or relating to benefits the Journal Register paid to or provided for Higgins during his employment with the Journal Register, including, but not limited to, health, disability and life insurance, pension or other retirement plans, profit sharing and/or stock option or purchase programs.

4.      All documents describing the responsibilities, duties, necessary qualifications, bases for compensation or salary ranges of all individuals employed by the Journal Register in the same or equivalent employment position as that held by Higgins during his employment with the Journal Register.

5.      All documents in your possession regarding the hiring, employment, discipline, promotion, transfer and/or termination or resignation of the following individuals:

      a.      Higgins;

      b.      David Compton;

      c.      William Keim; and

      d.      Tammy West.

6.      All documents relating to any individuals hired or transferred into the position of Publisher at the Journal Register or any of its affiliates or subsidiaries since Higgins was terminated from employment.

7.      All documents reflecting the individuals currently employed by the Journal Register or any of its affiliates or subsidiaries as Publisher.

8.      All documents that the Journal Register relied upon in reaching the decision to terminate Higgins.

-12-

9.      All personnel files, contracts, agreements, amendments, correspondence, memoranda, applications, disciplinary forms and documents which refer or relate to the employment, performance, discipline or termination, whether voluntary or involuntary, of the following individuals by the Journal Register:

     a.    Higgins;

     b.    David Compton;

     c.    William Keim;

     d.    Tammy West; and

     e.    Any employee or former employee of the Journal Register identified in Request No. 9.

10.     All documents provided to Higgins or relied upon by the Journal Register with respect to Higgins' termination, including any proposed agreements or releases and any scripts read during Higgins' termination  meeting.

11.     All documents purporting to state the reason for or describing or referencing Higgins' termination from employment with the Journal Register.

12.     All documents listing, identifying or analyzing the employees of the Journal Register that were terminated during the Relevant Time Period (whether voluntarily or involuntarily according to the Journal Register), including all documents reflecting the age of each such employee or former employee and all documents reflecting whether each such termination was voluntary or involuntary.

13.     All documents listing, identifying or analyzing the employees of the Journal Register that were hired during the Relevant Time Period, including all documents reflecting the

age of each such employee or former employee.

14.     The annual reports, whether prepared jointly, individually or otherwise, of Defendants, Journal Register Company, New England Acquisition Corporation, New Haven Register, LLC, Journal News, Inc. and/or Journal Register East, Inc. for the years 2001 to present.

15.     All documents, whether prepared jointly, individually or otherwise, stating, reflecting or analyzing the financial and business performance of Defendants, Journal Register Company, New England Acquisition Corporation, New Haven Register, LLC, Journal News, Inc. and/or Journal Register East, Inc. for the years 2001 to present.

16.     The corporate minutes and all corporate resolutions of Defendants, Journal Register Company, New England Acquisition Corporation, New Haven Register, LLC, Journal News, Inc. and/or Journal Register East, Inc. for the years 2001 to present.

17.     All documents that reflect or refer to the shareholders, officers and directors of Defendants, Journal Register Company, New England Acquisition Corporation, New Haven Register, LLC, Journal News, Inc. and/or Journal Register East, Inc. for the years 2001 to present.

18.     All documents that discuss or describe the relationship between Defendants, Journal Register Company, New England Acquisition Corporation, New Haven Register, LLC, Journal News, Inc. and/or Journal Register East, Inc. during the relevant time period.

19.     Organizational charts sufficient to identify the employees of Defendants, Journal Register Company, New England Acquisition Corporation, New Haven Register, LLC, Journal News, Inc. and/or Journal Register East, Inc. during the Relevant Time Period.

-14-

20.     All documents and communications which refer or relate to any employment policies or practices of the Journal Register.

21.     All documents relating or incident to Higgins' charge of discrimination filed with the Equal Employment Opportunity Commission and the Connecticut Commission on Human Rights and Opportunities, and Higgins' application for and receipt of unemployment compensation, including any correspondence or other documents submitted by the Journal Register to any of these governmental agencies or bureaus.

22.     All documents relating or incident to any lawsuit or administrative proceeding since January 1, 2001, in which the Journal Register or any of its affiliates or subsidiaries was a defendant or otherwise a party where any claim, whether formal or informal, was filed claiming that the Journal Register or any of its affiliates or subsidiaries had committed unlawful age discrimination in employment.

23.     All documents regarding any policy of insurance which may satisfy all or part of any judgment entered in this case against you.

24.     All documents specifically identified in Defendants' Initial Disclosures pursuant to Fed.R.Civ.P. 26 and all documents contained in any categories of documents identified in Defendants' Initial Disclosures pursuant to Fed.R.Civ.P. 26.

25.     All documents concerning or relating to Defendants' document destruction and document retention policies, including those documents related to the saving or backing up of electronic mail and computer files, as well as those documents related to Defendants' website(s).

-15-

Dated: December 1, 2006

James E. Miller  (CT21560)
Patrick A. Klingman (CT17813)
Karen M. Leser (CT23587)
SHEPHERD, FINKELMAN, MILLER
   & SHAH, LLC
65 Main Street
Chester, Connecticut  06412
Telephone: (860) 526-1100
Facsimile: (860) 526-1120
E-mail:  jmiller@sfmslaw.com
           pklingman@sfmslaw.com
           kleser@sfmslaw.com

James C. Shah
Nathan Zipperian
SHEPHERD, FINKELMAN, MILLER
   & SHAH, LLC
35 E. State Street
Media, PA 19063
Telephone: (610) 891-9880
Facsimile: (610) 891-9883
E-mail:  jshah@sfmslaw.com
           nzipperian@sfmslaw.com

Attorneys for Plaintiff

-16-