UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

GARY G. HIGGINS :
  Plaintiff, :
   :
v. : Case No. 3:06-CV-1446(AVC)
   :
JOURNAL REGISTER COMPANY, :
NEW ENGLAND ACQUISITION :
CORPORATION, NEW HAVEN :
REGISTER, LLC, JOURNAL NEWS :
INC., and JOURNAL REGISTER :
EAST, INC. a/k/a SHORE LINE :
NEWSPAPERS and/or :
SHORE LINE/ELM CITY :
NEWSPAPERS :
  Defendants. :

## RULING ON MOTION TO COMPEL

This is an action for damages arising out of the termination of the plaintiff, Gary G. Higgins', employment with the defendants, Journal Register Company, New England Acquisition Corporation, New Haven Register, LLC, Journal News, Inc., and Journal Register East, Inc. a/k/a Shore Line Newspapers and/or Shore Line/Elm City Newspapers. The two count age discrimination complaint is filed pursuant to the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634 ("ADEA"), and the Connecticut Fair Employment Practices Act, C.G.S. §§ 46a-51 et seq. ("CFEPA").

The plaintiff has filed a motion to compel. The plaintiff's motion encompasses three separate discovery issues. First, the plaintiff seeks an order compelling production of documents in response to certain of his document requests, nos. 15 through 18,

to which the defendants objected.  The plaintiff and the defendants agreed to attempt a resolution to this issue by having the plaintiff file, and the defendants respond to, a "Third Set of Interrogatories," which would render unnecessary any further responses to the contested document requests.  However, the defendants' responses to this third set of interrogatories have not resolved the issue.  Second, the plaintiff seeks an order compelling the production of certain documents that were discussed during various depositions and that are responsive to several of the plaintiff's document requests.  Third, the plaintiff seeks an order compelling the defendants to clarify their responses to several of the plaintiff's requests for admission.  For the reasons set forth below, and upon review of the parties' memoranda of law and the defendants' response to the court's order to show cause (**document no. 20**), the plaintiff's motion to compel is DENIED.

Rule 26(b)(1) of the Federal Rules of Civil Procedure defines the scope and limitations of discovery.  It states, in relevant part, that "parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ."  Fed. R. Civ. P. 26(b)(1).  Furthermore, "relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Id.  In the Second Circuit, "this

obviously broad rule is liberally construed." Daval Steel Prods. v. M/V Fakredine, 951 F.2d 1357, 1367 (2d Cir. 1991). "The burden . . . falls upon the party resisting discovery, to clarify and explain its objections and to provide support therefor." Compagnie Francaise d'Assurance Pour le Commerce Exterieur v. Phillips Petroleum Co., 105 F.R.D. 16, 43 (S.D.N.Y. 1984).

The question of "alter ego" or "single employer" status arises primarily in two contexts: 1) when treating related corporate entities as a single employer in order to satisfy the jurisdictional requirements for the number of employees under either state or federal employment discrimination law; and 2) when piercing the corporate veil. See, e.g., Westphal v. Catch Ball Products Corp., 953 F.Supp. 475, 478 (S.D.N.Y. 1997); Angelo Tomasso, Inc. v. Armor Const. & Paving, Inc., 187 Conn. 544, 557 (1982).

The court concludes that the issue of alter ego or single employer status, as a basis for piercing the corporate veil, need not be resolved at this stage. When and if any defendant is shown to be liable for the violations alleged in the complaint, and is unable to satisfy any judgment rendered, the court can, if necessary, reopen the issue of piercing the corporate veil for further discovery at that time. The defendants are counseled not to in any manner amend the current relationship that is extant between the defendant corporations while this action is pending.

3

The issue of establishing alter ego status for jurisdictional purposes is not presented here, as neither party has challenged the court's jurisdiction on that basis.

### I. Document Requests 15-18 and Related Interrogatories

With respect to the first issue, the plaintiff has served the following document requests and interrogatories on the defendants:

1.  **Document Request no. 15**

    All documents, whether prepared jointly, individually or otherwise, stating, reflecting or analyzing the financial and business performance of Defendants, Journal Register Company, New England Acquisition Corporation, New Haven Register, LLC, Journal News, Inc. and/or Journal Register East, Inc. for the years 2001 to present.

2.  **Document Request no. 16**
    The corporate minutes and all corporate resolutions of Defendants, Journal Register Company, New England Acquisition Corporation, New Haven Register, LLC, Journal News, Inc. and/or Journal Register East, Inc. for the years 2001 to present.

3.  **Document Request no. 17**
    All documents that reflect or refer to the shareholders, officers and directors of Defendants, Journal Register Company, New England Acquisition Corporation, New Haven Register, LLC, Journal News, Inc. and/or Journal Register East, Inc. for the years 2001 to present.

4.  **Document Request no. 18**
    All documents that discuss or describe the relationship between Defendants, Journal Register Company, New England Acquisition Corporation, New Haven Register, LLC, Journal News, Inc. and/or Journal Register East, Inc. during the relevant time period.

5.  **Interrogatory no. 2**
    Identify all officers, directors and shareholders of New England Acquisition Corporation during the Relevant Period, and the dates when each such person or entity

held such status.

6. **Interrogatory no. 3**
    Identify all officers, directors and shareholders of New Haven Register, LLC during the Relevant Period, and the dates when each such person or entity held such status.

7. **Interrogatory no. 4**

    Identify all officers, directors and shareholders of Journal News, Inc. during the Relevant Period, and the dates when each such person or entity held such status.

8. **Interrogatory no. 5**

    Identify all officers, directors and shareholders of Journal Register East, Inc. a/k/a Shoreline Newspapers and/or Shore Line/Elm City Newspapers during the Relevant Period, and the dates when each such person or entity held such status.

9. **Interrogatory no. 6**
    Explain fully the legal, financial, business and operational relationship between the following Defendants: Journal Register Company, New England Acquisition Corporation, New Haven Register, LLC, Journal News, Inc. and Journal Register East, Inc. a/k/a Shoreline Newspapers and/or Shore Line/Elm City Newspapers.

The plaintiff argues that the documents and responses sought "address a central issue alleged by Plaintiff in this action – whether Defendants are alter egos of each other" that should be viewed as a single entity, such that the corporate veil of the defendant corporations should be pierced. The plaintiff asserts that "[t]his information is necessary to Plaintiff for purposes of establishing liability as to all Defendants."

The defendants reply that the "documents and information

5

sought to prove defendants' alleged alter-ego status are irrelevant to plaintiff's claim of age discrimination." The defendants argue that the alter-ego issue would become relevant only "[i]n the unlikely event plaintiff procures a judgment in this action, and the judgment is not satisfied by The New Haven Register," whereupon the "plaintiff could then pursue discovery on the alter ego issue."

The court agrees with the defendants. The decision to order trial of separate issues in phases lies within the discretion of the court. Fed. R. Civ. P. 42(b). Bifurcation may be justified on grounds of convenience, minimizing prejudice or juror confusion, or producing "expedition and economy." Fed. R. Civ. P. 42(b); Svege v. Mercedes-Benz Credit Corp., 329 F. Supp. 2d 283, 284 (D. Conn. 2004).

The court concludes, as noted above, and for the sake of convenience, minimization of juror confusion, and economy, that the issue of piercing the veil should be bifurcated from the age discrimination claims that constitute the main allegations of the complaint. The document requests and interrogatories at issue are relevant to the piercing inquiry, but are not relevant to the age discrimination inquiry. As such, the motion to compel responses to document requests nos. 15 - 18 and interrogatories (third set) nos. 2 - 6 is DENIED without prejudice to its renewal, should the issue of piercing the corporate veil be

reopened.

## II. <u>Documents Revealed during Depositions</u>

With respect to the second issue, the production of certain documents that were discussed during various depositions, the plaintiff argues that the following documents are responsive to various of his document requests:

- Resumes and advertisements maintained by Mr. Kevin Walsh in connection with his efforts to find a replacement for Mr. Higgins.
- Memorandum sent by Mr. Kevin Walsh to Mr. David Compton indicating that Mr. David Compton's job would be in jeopardy if he did not achieve certain numbers in the first quarter of 2007.
- Mr. Robert Lee's file on Ms. Heidi Siomkowski.
- Mr. Robert Lee's file on Mr. Higgins.
- Ms. Brennan's file on Mr. David Compton.
- Documents maintained by Jack Kramer in response to Plaintiff's discovery requests.
- All internal control narratives and/or grids relating to the process concerning Employment Replacement Authorization forms.

The plaintiff states that "these documents still have not been produced by Defendants."

The defendants do not dispute their obligation to produce "certain documents identified during various depositions" and state that they have already been produced, indicating specific Bates document numbers and providing copies of the cover letters in support.

The court concludes that the defendants' descriptions of the deposition-related documents they claim to have produced are consistent with those the plaintiff has requested. The motion to

7

compel is therefore DENIED with respect to these documents.

## III. Clarification of Admission Responses

With respect to the third issue, the clarification of the defendants' responses to the plaintiff's requests for admission, the plaintiff argues that the defendants' responses are confusing and potentially misleading in that the denials are followed by further responses which provide unclear explanations.

The defendants briefly mention the requests for admission, but do not address the question of the clarity of their responses.

**1. Admission Request 3 and Response**

> REQUEST: Admit that New Haven Register, LLC did not maintain any record of corporate resolutions or resolutions of its Board of Directors during the Relevant Time Period.
>
> RESPONSE: Denied. Although New Haven Register, LLC maintains records of corporate resolutions and resolutions of its Board of Directors, its files contain no such resolutions for the Relevant Time Period.

**2. Admission Request 4 and Response**

> REQEUST: Admit that New Haven Register, LLC did not maintain any record of corporate minutes or minutes of the meetings of its Board of Directors during the Relevant Time Period.
>
> RESPONSE: Denied. Although New Haven Register, LLC maintains records of minutes or minutes of the meetings of its Board of Directors, its files contain no such minutes for the Relevant Time Period.

**3. Admission Request 5 and Response**

> REQUEST: Admit that Journal News, Inc. did not maintain any record of corporate resolutions or resolutions of its

Board of Directors during the Relevant Time Period.

RESPONSE: Denied. Although Journal News, Inc. maintains records of corporate resolutions or resolutions of its Board of Directors, its files contain no such resolutions for the Relevant Time Period.

**4.   Admission Request 6 and Response**

REQUEST: Admit that Journal News, Inc. did not maintain any record of corporate minutes or minutes of the meetings of its Board of Directors during the Relevant Time Period.

RESPONSE: Denied. Although Journal News, Inc. maintains records of corporate minutes or minutes of the meetings of its Board of Directors, its files contain no such minutes for the Relevant Time Period.

**5.   Admission Request 7 Response**

REQUEST: Admit that Journal Register East, Inc. a/k/a Shoreline Newspapers and/or Shore Line/Elm City Newspapers did not maintain any record of corporate resolutions or resolutions of its Board of Directors during the Relevant Time Period.

RESPONSE: Denied.

**6.   Admission Request 8 and Response**

REQUEST: Admit that Journal Register East, Inc. a/k/a Shoreline Newspapers and/or Shore Line/Elm City Newspapers did not maintain any record of corporate minutes or minutes of the meetings of its Board of Directors during the Relevant Time Period.

RESPONSE: Denied.

The court concludes, as discussed above, that admission requests 3 - 8 are relevant to a piercing the veil inquiry, but not relevant to the issue of age discrimination. As such, the motion to compel clarification of the responses is DENIED without

prejudice to its renewal, should the issue of piercing the corporate veil be reopened.

In sum, the plaintiff's motion to compel (**document number 12**) is DENIED.

It is so ordered this 23rd day of October, 2007, at Hartford, Connecticut.

_____/s/_____
Alfred V. Covello, U.S.D.J.